UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DONNIE FRANCIS SCHROEDER,<br><br>   Plaintiff,<br><br>v.<br><br>ERIC EVANGELISTA and INTERNAL REVENUE SERVICE,<br><br>   Defendants. | 3:12-CV-00152-LRH-VPC<br><br>ORDER |

  This is a dispute arising from the assessment and collection of taxes. Before the court is defendants Eric Evangelista and the Internal Revenue Service's ("IRS") Motion to Dismiss (#8[1]). Pro se plaintiff Donnie Schroeder has responded (#11), and Defendants have replied (#14). Schroeder has filed a surreply (#15). Schroeder has also filed an Amended Motion for Default Judgment (#6).

## I.  Facts and Procedural History

  Schroeder's complaint is light on specifics. He alleges that Evangelista, an IRS employee, and the IRS itself have filed fraudulent liens against him, have seized his property in violation of his constitutional rights, have unlawfully inspected and disclosed his tax return, and have defamed him. (Complaint #1, ¶¶ 13-29.) Defendants have moved to dismiss Schroeder's complaint under Federal Rules of Civil Procedure 12(b)(1), (b)(2), (b)(5), and (b)(6).

---

[1]Refers to the court's docket entry number.

## II. Discussion

### A. Rule 12(b)(5)

Under Rule 12(b)(5), insufficient service of process is a properly raised defense in a motion to dismiss. Rule 4 describes sufficient service of process. For United States defendants, this includes delivering a copy of the summons and complaint to the U.S. Attorney for the district in which the action is brought and sending a copy of the summons and complaint by mail to the Attorney General. Fed. R. Civ. P. 4(i)(1)(A)-(B). Pro se litigants are not exempt from these requirements; rather, these litigants must follow the same rules and procedures as everyone else. *See Ghazali v. Moran*, 46 F.3d 53, 53 (9th Cir. 1995); *see also Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (requiring strict compliance with Rule 4 procedures even for pro se plaintiffs).

Here, Schroeder has not properly served the United States defendants. First, Evangelista is a United States employee–whether he is sued in his official or personal capacity, service in line with Rule 4(i)(1) is required. Fed. R. Civ. P. 4(i)(2)-(3). Second, Schroeder has not properly served the United States Attorney for the District of Nevada nor the United States Attorney General. Since the court cannot exercise its jurisdiction over Defendants without proper service, Schroeder's claims must fail. *See, e.g., SEC v. Ross*, 504 F.3d 1120, 1138 (9th Cir. 2007).

### B. Rule 12(b)(1)

Neither the IRS nor an IRS employee is a proper defendant in this action. First, the IRS is immune from these types of suits. "It is well settled that the United States is a sovereign, and, as such, is immune from suit unless it has expressly waived such immunity and consented to be sued." *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985). As an agency of the United States, the IRS shares this immunity. Furthermore, in all but a narrow set of circumstances, Congress has not explicitly waived this immunity. *See, e.g.*, 26 U.S.C. § 7421(a).

This narrow set of circumstances includes statutes under which the United States must be the named defendant. Even then, however, Schroeder has failed to allege facts that confer subject matter jurisdiction over his claims against the IRS. To the extent Schroeder claims that his funds

2

were wrongfully assessed and levied upon, these actions are governed by 26 U.S.C. § 7422 (civil action for refund) and 26 U.S.C. § 7426 (for wrongful levy). However, these statutes require exhaustion of certain administrative remedies before a claim may be brought. *See* 26 U.S.C. §§ 7422(a), (g)(1)(A), 7426(h)(2). And to the extent Schroeder asserts a claim for improper collection efforts, this claim is governed by 26 U.S.C. § 7433(a). *Shwarz v. United States*, 234 F.3d 428, 432 (9th Cir. 2000) (holding that section 7433 is the "exclusive remedy" for recovering damages for improper inspection and disclosure of returns). Section 7433 similarly requires exhaustion of administrative remedies. *See* 26 U.S.C. § 7433(d)(1). Thus, even if the United States is properly substituted as a defendant, Schroeder has failed to take the steps necessary to confer subject matter jurisdiction on this court. *See* Fed. R. Civ. P. 12(b)(1).

Second, Evangelista is not a proper defendant in this action. Under each relevant statute waiving sovereign immunity and granting a private right of action, suits against individual employees are barred. *See* 26 U.S.C. §§ 7422(c), 7426(d), 7431(a)(1), 7433(a). Furthermore, since the United States has certified that Evangelista was acting within the scope of his employment at the time Schroeder's claim arose (#10), Schroeder may only bring his defamation claim against the United States itself. 28 U.S.C. § 2679(d)(1) (noting that in such circumstances, the "United States shall be substituted as the party defendant").[2]

### C. Rule 12(b)(6)

Finally, Schroeder has failed to state a claim against Evangelista under section 1983. Schroeder has alleged that Evangelista acted "under color of the Internal Revenue Service Code." (Complaint #1 at ¶ 28.) However, section 1983 claims arise only when the defendant acted "under color of any statute, ordinance, regulation, custom, or usage of any State or Territory or the District

---

[2] Even substituting the United States as party defendant, however, Schroeder's defamation claim must fail. The United States has not waived sovereign immunity under the Federal Tort Claims Act for claims arising with respect to the assessment and collection of taxes. *See Hutchinson v. United States*, 677 F.2d 1322, 1327 (9th Cir. 1982).

of Columbia." 42 U.S.C. § 1983. Therefore, since this claim alleges Evangelista acted under the color of federal–not state–law, it must be dismissed.[3] *See Billings v. United States*, 57 F.3d 797, 801 (9th Cir. 1995).

### III. Conclusion

Schroeder has not successfully stated any claims against Evangelista or the IRS. However, since a more carefully drafted complaint might successfully allege (for example) the exhaustion of administrative remedies under the relevant statutes, Schroeder is given leave to amend his complaint. *See DeCarlo v. Fry*, 141 F.3d 56, 62 (2d Cir. 1998) (noting leave to amend is particularly appropriate for pro se plaintiffs). Schroeder's Amended Motion for Default Judgment is premature and will therefore be denied.

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss (#8) is GRANTED. Schroeder is granted leave to file an amended complaint within 20 days of the date of this Order.

IT IS FURTHER ORDERED that Schroeder's Amended Motion for Default Judgment (#6) is DENIED.

IT IS SO ORDERED.

DATED this 7th of January, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[3] The court further finds that Schroeder has alleged no facts to suggest he intended a claim against Evangelista in his personal, rather than official, capacity. At any rate, such a claim would be unsuccessful. *See Adams v. Johnson*, 355 F.3d 1179, 1184-85 (9th Cir. 2005) (deciding that a *Bivens* action may not be brought in these circumstances).