1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

DONNIE FRANCIS SCHROEDER, dba )
QUALITY #1 SWEEPING AND STEAM )
CLEANING )                           3:12-CV-00152-LRH-VPC
 )
Plaintiff, )
 )                                      ORDER
 v. )
 )
UNITED STATES OF AMERICA, )
 )
Defendant. )
 )

     This is a dispute arising from the assessment and collection of taxes. Before the court is

defendant the United States of America's Motion to Dismiss (#21[1]). Plaintiff Donnie Schroeder,

d/b/a Quality #1 Sweeping and Steam Cleaning ("Schroeder") has responded (#26), and the

Government has replied (#28). Also before the court is Schroeder's Motion for Preliminary

Injunction (#33), to which the Government has responded (#34).

**I.      Facts and Procedural History**

     Following this court's order dismissing his complaint without prejudice (#17), Schroeder

filed an amended complaint alleging that the United States, through the Internal Revenue Service

("Service"), disclosed Schroeder's personal and confidential information in violation of 26 U.S.C.

§ 7431. He alleges that a Service employee attempted to "obtain confidential information from

---

[1]Refers to the court's docket entry number.

1  [him]," and Schroeder rebuffed these attempts. (Am. Compl. #18, p. 2:21.) Thereafter, on March

2  26, 2012, the same employee contacted Schroeder's business partner in the Quality #1 Sweeping

3  and Steam Clean business, attempting an inspection of "confidential tax return information from

4  [Schroeder's] partnership." (*Id*. at p. 3:1.) Citing alleged defects in the Service's authority to

5  conduct such inspections, Schroeder further claims that the Service unlawfully coerced Schroeder's

6  partner to supply the requested confidential information. Upon inspection, Schroeder alleges, the

7  Service unlawfully modified Schroeder's tax liability and initiated collection activities.

8        The Government prevailed on its motion to dismiss Schroeder's first complaint, and the

9  court granted Schroeder an opportunity to amend. Schroeder amended his complaint, and the

10  Government timely brought the present Motion to Dismiss Amended Complaint under Federal

11  Rule of Civil Procedure 12(b)(6). Schroeder has also filed a Motion for Preliminary Injunction to

12  prevent the Service from collecting on his alleged tax liability.

13  **II.      Legal Standard**

14        To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the

15  Federal Rule of Civil Procedure 8(a)(2) notice pleading standard. *See Mendiondo v. Centinela*

16  *Hospital Medical Center*, 521 F.3d 1097, 1103 (9th Cir. 2008). A complaint must contain "a short

17  and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P.

18  8(a)(2). The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a

19  pleading that offers only "labels and conclusions" or "a formulaic recitation of the elements of a

20  cause of action" will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic*

21  *Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

22        Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter,

23  accepted as true, to state a claim to relief that is plausible on its face." *Id.* (internal quotation marks

24  omitted). A claim has facial plausibility when the pleaded factual content allows the court to draw

25  the reasonable inference, based on the court's judicial experience and common sense, that the

26  defendant is liable for the misconduct alleged. *See id*. at 678-79. "The plausibility standard is not

2

1    akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has

2    acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's

3    liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at

4    678 (internal quotation marks and citation omitted).

5           In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as

6    true. *Id.* (citation omitted). However, "bare assertions . . . amount[ing] to nothing more than a

7    formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth."

8    *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 556 U.S. at

9    680) (alteration in original) (internal quotation marks omitted). The court discounts these

10   allegations because they do "nothing more than state a legal conclusion – even if that conclusion is

11   cast in the form of a factual allegation." *Id.* "In sum, for a complaint to survive a motion to dismiss,

12   the non-conclusory 'factual content,' and reasonable inferences from that content, must be

13   plausibly suggestive of a claim entitling the plaintiff to relief." *Id.* (quoting *Iqbal*, 556 U.S. at 678).

14   **III.    Discussion**

15          Schroeder has lodged only one claim under 26 U.S.C. § 7431, which provides,

16          If any officer or employee of the United States knowingly, or by reason of negligence,
            inspects or discloses any return or return information with respect to a taxpayer in violation
17          of any provision of section 6103, such taxpayer may bring a civil action for damages against
            the United States in a district court of the United States.
18

19   Section 6103, in turn, protects the confidentiality of "return information"—information collected

20   by the Service about a taxpayer—subject to several exceptions. *See* 26 U.S.C. §§ 6103(c)-(q). In

21   order to recover under § 7431, a plaintiff must show that (1) the disclosure or inspection was

22   unauthorized, (2) the disclosure or inspection was made "knowingly or by reason of negligence,"

23   and (3) the disclosure or inspection violated § 6103. *Fostvedt v. U.S., I.R.S.*, 824 F. Supp. 978, 983

24   (D. Colo. 1993). At the motion to dismiss stage, "mere allegations of a disclosure [or inspection]

25   are insufficient to support a cause of action." *Id*. at 985. Rather, even prior to *Twombly* and *Iqbal*,

26   courts have required plaintiffs to allege the information revealed, to whom, and under what

3

1    circumstances. *Id.* (collecting cases).

2    Here, Schroeder has failed to make his § 7431 allegations with sufficient specificity. His

3    most detailed allegation consists in charging the Service with unlawful inspection of his "tax return

4    information," but "return information" has a carefully delimited statutory definition, *see* 26 U.S.C.

5    § 6103(b)(2)(A). And information in the hands of the taxpayer, rather than in the hands of the

6    Service, is not return information at all. *Stokwitz v. United States*, 831 F.2d 893, 894 (9th Cir.

7    1987). Therefore, Schroeder's broad allegation deprives the Service of a likely defense: that the

8    information the Service sought was not protected as return information under § 6103. Indeed, the

9    Service argues in the alternative that the information it received from Schroeder's business partner

10   was not, in fact, return information under § 6103. Schroeder has accordingly flouted the notice

11   pleading standard under Rule 8(a).

12   Furthermore, even if the Service had inspected Schroeder's return information, that

13   inspection would not be actionable. As alleged in the complaint, the Service's inspection occurred

14   in the context of tax administration. But Service employees may properly inspect return

15   information in this context.[2] *See* 26 U.S.C. § 6103(h). Finally, to the extent Schroeder alleges

16   unlawful disclosure of his return information in connection with the Service's collection activities,

17   he has brought his claim under the wrong statute. "[E]xcept for § 7432 actions, all other actions for

18   improper collection activity are precluded by § 7433." *Shwarz v. United States*, 234 F.3d 428, 433

19   (9th Cir. 2000). *See also* 26 U.S.C. § 6103(k) (authorizing disclosure of return information for

20   collection activity).

21   Finally, Schroeder's Motion for Preliminary Injunction rests on frivolous arguments. He

22   repeatedly asserts that the payment of taxes is voluntary, but it is not. *Wilcox v. C.I.R.*, 848 F.2d

23   1007, 1008 (9th Cir. 1988) ("[P]aying taxes is not voluntary."). He also ignores the effect of the

24

25   [2] Schroeder argues that Service employees can only enforce laws pertaining to alcohol, tobacco, and firearms, but the Ninth Circuit has rejected this argument. *See In re Beam*, 192 F.3d 941, 945 (9th Cir. 1999).

26

4

1  Anti-Injunction Act, 26 U.S.C. § 7421(a), which prohibits suits "for the purpose of restraining the

2  assessment or collection of any tax." None of the statutory or judicially created exceptions to the

3  Anti-Injunction Act apply here, and, as discussed above, Schroeder is not likely to succeed on the

4  merits of his § 7431 claim.[3] Therefore, Schroeder is unable to establish his entitlement to an

5  injunction under *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (requiring the

6  movant to demonstrate a "likelihood of success on the merits"). His Motion for Preliminary

7  Injunction fails.

8  **IV.      Conclusion**

9          Having already provided Schroeder an unasked-for opportunity to amend his complaint, and

10  glimpsing the tax protest underlying Schroeder's arguments, the court concludes that further

11  opportunities to amend would be futile.

12          IT IS THEREFORE ORDERED that the Service's Motion to Dismiss (#21) is GRANTED.

13  The clerk of court is directed to enter judgment in favor of the United States and against Schroeder.

14          IT IS FURTHER ORDERED that Schroeder's Motion for Preliminary Injunction (#33) is

15  DENIED.

16          IT IS SO ORDERED.

17          DATED this 22nd of July, 2013.

18                                                         _____

19                                                         LARRY R. HICKS
                                                           UNITED STATES DISTRICT JUDGE

20

21

22

23

24

25          [3] In addition, injunctive relief is not available for a violation of § 7431. *See* 26 U.S.C.

26  § 7431(c).